[Cite as *State v. King*, 2011-Ohio-3664.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     25228 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRIUS C. KING | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 07 06 1806 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}     In August 2007, D'Arrius King pleaded guilty to one count of felonious assault, a felony of the second degree. The trial court sentenced him to five years in prison and to a period of post-release control of up to three years. In January 2009, Mr. King moved to withdraw his guilty plea, and the trial court denied that motion. On appeal from that denial, this Court vacated his sentence and remanded for resentencing. In October 2010, prior to being resentenced, Mr. King again moved to withdraw his guilty plea, and the trial court again denied his motion and sentenced him to five years in prison. He has again appealed, arguing that the trial court erred by originally accepting his guilty plea and in denying his motions to withdraw it.

INVALID PLEA

{¶2}     Mr. King's first assignment of error is that the trial court incorrectly accepted his guilty plea. He has argued that the court did not meet its duty under Rule 11(C)(2)(c) of the

Ohio Rules of Criminal Procedure because it did not advise him, before accepting his felony plea, that he was waiving his constitutional right to a jury trial and to confront witnesses against him.

{¶3} Although the trial court mentioned Mr. King's right to a trial at his change of plea hearing, it failed to adequately explain that it was a jury trial. The court simply said that Mr. King's rights included "the right to have a trial where you are represented by your counsel, and for you to remain silent at that trial if you choose, and that fact couldn't be used against you according to law and the jury would be so instructed." Mr. King has argued that the trial court failed to strictly comply with Rule 11(C)(2)(c) of the Ohio Rules of Criminal Procedure and that his right to a jury trial was, at best, only implied, making his plea invalid.

{¶4} Mr. King has also argued that the trial court failed to advise him of his right to confront witnesses against him. The court said, "[n]ow, at the trial your attorney would challenge the evidence which the State will bring against you." Mr. King has argued that this statement was too vague and did not sufficiently explain his right. He has argued that evidence is a general term and merely stating that his lawyer would challenge evidence at trial did not adequately explain his constitutional right to confront his accusers.

{¶5} The State has conceded that the trial court failed to adequately advise Mr. King that he had the right to a jury trial and to confront his accusers before accepting his guilty plea. Under Rule 11(C)(2)(c) of the Ohio Rules of Criminal Procedure, "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and . . . . [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial [and] to confront witnesses against him or her[.]" If a trial court

fails to strictly comply with this rule, the plea will be deemed invalid. *State v. Veney*, 120 Ohio St. 3d 176, 2008-Ohio-5200, at ¶18. Although it is preferred that a trial court use the language of the rule when telling a defendant the constitutional rights he is waiving, failure to do so will not automatically invalidate a plea. *Id.* The trial court must, however, explain those rights in a manner that is reasonably intelligible to the defendant. *State v. Ballard*, 66 Ohio St. 2d 473, 480 (1981). The purpose for doing so is to assure that the defendant is informed and understands that, by entering his plea, he is waiving specific constitutional rights. *Id.* Without this understanding, a defendant cannot enter a plea that is knowing, intelligent, and voluntary and thus enforcement of it would be unconstitutional. *Veney*, 2008-Ohio-5200, at ¶7.

{¶6} The trial court did not meet its duty to inform Mr. King of his right to a jury trial and to confront witnesses against him in strict compliance with Criminal Rule 11(C)(2)(c). The court merely stated that he had a right to a trial and implied that it may be a jury trial. Implication cannot be seen as a strict and adequate explanation. Also, the court simply told Mr. King that his attorney would challenge evidence brought against him, but failed to specifically mention that he had a right to confront his accusers. Evidence is a broad term that can be interpreted in many ways, and it cannot be assumed that Mr. King understood the specific right he was waiving.

{¶7} Mr. King was not given an adequate explanation of the constitutional rights he was waiving by entering his guilty plea. Mr. King's first assignment of error is sustained. His second and third assignments of error are moot and are overruled on that basis. See App. R. 12(A)(1)(c).

CONCLUSION

**{¶8}** The trial court incorrectly accepted Mr. King's guilty plea. It did not adequately inform him of his constitutional rights to a jury trial and to confront witnesses against him. The judgment of the Summit County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

———————————————
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

DEREK CEK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.