[Cite as *State v. Rusu*, 2012-Ohio-2613.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25597 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| MICHAEL H. RUSU | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 09 12 3596(B) |

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

WHITMORE, Presiding Judge.

{¶1}   Defendant-Appellant, Michael Rusu, appeals from his convictions in the Summit County Court of Common Pleas.  This Court affirms in part and reverses in part.

I

{¶2}   Rusu entered into a written plea of guilt after he and another man stole a trailer and, in the course of their conduct, proximately caused the death of Michael Hall.  Rusu pleaded guilty to three charges: (1) vehicular homicide, a first-degree misdemeanor in violation of R.C. 2903.06(A)(3); (2) theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1); and (3) tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).  Rusu's vehicular homicide conviction required the trial court to suspend Rusu's driver's license.  At his plea hearing, the court informed Rusu that he would be subject to a class five suspension that could span a definite period of six months to three years.  In actuality, Rusu's conviction required a more severe class four suspension.  When the trial court sentenced Rusu, the court

imposed the correct class four suspension and suspended Rusu's driver's license for a period of four years. The court also sentenced Rusu to four years in prison, costs, and attorney fees.

{¶3} Rusu now appeals from his convictions and raises seven assignments of error for our review. For ease of analysis, we combine and reorder several of the assignments of error.

II

### Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY FINDING THAT RUSU'S PLEA WAS MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY WHEN THE COURT DID NOT PROPERLY OUTLINE THE PUNISHMENTS THAT WERE POSSIBLE.

### Assignment of Error Number Two

RUSU WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL'S (sic) COURT'S ACCEPTANCE OF RUSU'S PLEA WAS DEFECTIVE.

{¶4} In his first two assignments of error, Rusu argues that he did not knowingly, voluntarily, and intelligently enter his guilty plea because he entered it with the understanding that the maximum period for which his license could be suspended was three years when, in fact, it was five. He further argues that his trial counsel was ineffective because he failed to object to his plea on the foregoing basis.

{¶5} "In order for a plea to be constitutionally enforceable, it must be entered knowingly, voluntarily, and intelligently." *State v. Dowdell*, 9th Dist. No. 25930, 2012-Ohio-1326, ¶ 7. "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6. Crim.R. 11 imposes different obligations for felony cases than for misdemeanor cases. *See* Crim.R. 11(C)-(E). Specifically, a trial court need not inform a defendant of the maximum

possible penalty for his offense in a misdemeanor case involving a petty offense. *See Jones* at paragraph one of the syllabus. On the contrary, in felony cases a court must inform a defendant "of the nature of the charges and of the maximum penalty involved." Crim.R. 11(C)(2)(a). *Accord State v. Souris*, 9th Dist. No. 24550, 2009-Ohio-3562, ¶ 5.

{¶6} A defendant's right to be informed of his maximum possible penalty in a felony case is a non-constitutional right, so a substantial compliance standard applies. *State v. Hubbard*, 9th Dist. No. 25141, 2011-Ohio-2770, ¶ 7. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a non[-]constitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 32. If a court partially complied with Crim.R. 11, a defendant must demonstrate prejudice before his plea will be vacated. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

{¶7} The record reflects that the trial court failed to inform Rusu of the maximum possible penalty for his vehicular homicide offense when it accepted his plea. Specifically, the court informed Rusu he could receive up to a three year license suspension when, in fact, he could receive up to five years. *See* R.C. 4510.02(A)(4) (definite suspension period for class four suspension set as one to five years); *State v. Harris*, Slip Opinion No. 2012-Ohio-1908, paragraph one of the syllabus (mandatory driver's license suspension constitutes part of offender's sentence). The court later sentenced Rusu to a four-year suspension.

{¶8} The State acknowledges the trial court's error in the plea colloquy, but argues that the error was harmless because the court was not required to inform Rusu of the maximum possible penalty for his petty offense. *See* Crim.R. 11(E); *State v. Higby*, 9th Dist. No. 10CA0054, 2011-Ohio-4996, ¶ 4. The State correctly classifies Rusu's vehicular homicide conviction as a petty offense because it is a first-degree misdemeanor punishable by up to six months in jail. See R.C. 2929.24(A)(1); Crim.R. 2(D) (defining "petty offense"). The trial court's duty during a plea colloquy, however, depends upon the nature of the "case," not the nature of the individual offenses within a case. Rusu's case was a felony case because, in addition to the first-degree misdemeanor, he pleaded guilty to two felonies. Therefore, the trial court had to substantially comply with Crim.R. 11(C) and inform Rusu of "the maximum penalty involved." Crim.R. 11(C)(2)(a). *See generally State v. Karmasu*, 9th Dist. No. 25210, 2011-Ohio-3253, ¶ 32-41 (plea analyzed under Crim.R. 11(C) when case involved both felonies and misdemeanors).

{¶9} The trial court partially complied with Crim.R. 11(C) because it informed Rusu his license would be suspended, but misstated the possible length of the suspension. *State v. Wagner*, 9th Dist. No. 08CA0063-M, 2009-Ohio-2790, ¶ 14 (partial compliance where court conveyed inaccurate information about maximum penalty). Thus, the burden is upon Rusu to demonstrate that, but for the trial court's error, he would not have entered his plea. *Id.* at ¶ 16. Rusu limits his prejudice analysis to a statement that he might not have pleaded guilty had the court told him his suspension could last for five years. Rusu's statement does not demonstrate prejudice. In exchange for his guilty plea, the State dismissed six other charges, including ones for involuntary manslaughter and reckless homicide. Moreover, the difference between the suspension the trial court informed Rusu he could receive and the suspension the court actually

imposed only amounts to one year. Given the record before us, we cannot agree with Rusu's assertion that he was prejudiced. This Court declines to vacate Rusu's plea.

**{¶10}** In a related assignment of error, Rusu argues that he received ineffective assistance of counsel because his counsel did not object when the trial court failed to properly inform him of his maximum possible sentence. An ineffective assistance claim requires a defendant to prove that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, "defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 4. As we have already determined that Rusu has not proven prejudice as a result of his plea, we reject his ineffective assistance of counsel argument. Rusu's first and second assignments of error are overruled.

### Assignment of Error Number Three

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST RUSU WITHOUT COMPLYING WITH R.C. 2947.23(A).

### Assignment of Error Number Four

RUSU WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A) WAS DEFECTIVE.

### Assignment of Error Number Seven

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2941.51(D), AND NOT DOING SO IN OPEN COURT.

**{¶11}** In his third and seventh assignments of error, Rusu argues that the court erred by imposing costs and attorney fees against him. In his fourth assignment of error, Rusu argues that his trial counsel was ineffective for failing to object to the court's imposition of costs.

**{¶12}** "R.C. 2947.23 mandates that the trial court assess the cost of prosecution against a convicted criminal defendant." *State v. Payne*, 9th Dist. No. 21178, 2003-Ohio-1140, ¶ 15. Yet, a trial court must orally inform a defendant of his obligation to pay costs at the time of sentencing so as to give the defendant an opportunity to claim indigency and seek a waiver of payment. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. Similarly, R.C. 2941.51(D) allows a trial court to order a defendant to pay some or all of his court-appointed attorney fees, but only after finding that the defendant is financially capable of doing so. *State v. Marrero*, 9th Dist. No. 10CA009867, 2011-Ohio-3745, ¶ 20. A trial court commits reversible error when it imposes costs or attorney fees against a defendant in the absence of such a notification. *Joseph* at ¶ 22; *State v. Warner*, 9th Dist. No. 96CA006534, 2001 WL 1155698, *3-4 (Sept. 21, 2001). The appropriate remedy for such an error as to costs is a "remand * * * to the trial court for the limited purpose of allowing [the defendant] to move the court for a waiver of the payment of court costs." *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, ¶ 32, quoting *Joseph* at ¶ 23. As to an error in the imposition of attorney fees, the appropriate remedy is a remand for "a determination of [the defendant's] financial ability to pay for his court-appointed counsel." *Warner* at *4.

**{¶13}** The record reflects that the trial court imposed costs and attorney fees upon Rusu in its sentencing entry, but did not orally inform him of his obligation to pay costs or inform him that he would be responsible for his attorney fees at the time of sentencing. Rusu, therefore, did not have the opportunity to claim an inability to pay based on his indigency. His third and

seventh assignments of error are sustained on that basis and the matter is remanded to allow him to seek a waiver of court costs and for a determination of his ability to pay his attorney fees. *Joseph* at ¶ 23; *Warner* at *4.

{¶14} In light of our resolution of Rusu's third and seventh assignments of error, his argument that his trial counsel was ineffective for failing to object to the imposition of costs is moot. *State v. Ross*, 9th Dist. No. 25778, 2012-Ohio-1389, ¶ 29-30. Therefore, we decline to address his fourth assignment of error. App.R. 12(A)(1)(c).

Assignment of Error Number Five

THE COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING RUSU ON CHARGES TO WHICH HE WAS NOT CHARGED AND TO WHICH HE DID NOT PLEAD.

Assignment of Error Number Six

RUSU WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT WAS SENTENCING RUSU FOR CHARGES TO WHICH HE WAS NOT CHARGED AND TO WHICH HE DID NOT PLEAD.

{¶15} In his fifth assignment of error, Rusu argues that the court improperly sentenced him in connection with an offense for which he was never indicted. As such, Rusu argues, he did not have notice of the charges against him. In his sixth assignment of error, Rusu argues that his trial counsel was ineffective for failing to object to the improper sentence.

{¶16} The portion of the sentencing entry Rusu challenges reads:

IT IS FURTHER ORDERED that pursuant to Ohio Revised Code Section 2925.11(E)(2), the Defendant's driver's license and all driving privileges be SUSPENDED for a period of 4 years, which is mandatory and required by statute.

R.C. 2925.11(E)(2) governs license suspensions in drug possession offenses. Rusu was not convicted of a drug possession offense. The trial court should have imposed Rusu's driver's license suspension pursuant to R.C. 2903.06(C)/R.C. 4510.02(A)(4) after Rusu pleaded guilty to

vehicular homicide. The record reflects that the trial court simply cited the wrong statute in imposing Rusu's license suspension.

**{¶17}** Crim.R. 36 allows a court to correct a clerical mistake in a judgment at any time. Generally, the appropriate remedy for such a clerical error is a nunc pro tunc entry. *State v. Zack*, 9th Dist. No. 11CA009955, 2011-Ohio-4882, ¶ 6. As addressed above, however, this matter must be remanded to the trial court to allow Rusu to seek a waiver of court costs and for a determination of his ability to pay his attorney fees. Because further proceedings are required, the trial court will have an opportunity to correct its clerical error at that time. Rusu's fifth assignment of error is sustained solely on the basis that his sentencing entry contains a clerical error that the trial court must address upon remand. Based on our resolution of Rusu's fifth assignment of error, his ineffective assistance argument is moot and we decline to address his sixth assignment of error. App.R. 12(A)(1)(c).

### III

**{¶18}** Rusu's third, fifth, and seventh assignments of error are sustained for the reasons set forth above. His fourth and sixth assignments of error are moot, and his remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS IN JUDGMENT ONLY.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶19} I concur in judgment only. In regard to the first assignment of error, I concur in the majority's judgment solely on the basis that Rusu has not demonstrated that the error in the license suspension would have caused him not to plead guilty.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.