[Cite as *State v. Stoddard*, 2013-Ohio-4896.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

THOMAS A. STODDARD

    Appellant

C.A. No.     26663

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 12 3438

DECISION AND JOURNAL ENTRY

Dated: November 6, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Thomas Stoddard, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Stoddard's 14-year-old grandniece told a friend that she was having sexual relations with Stoddard. The friend told her parents, who, in turn, notified the police. After an investigation Stoddard was indicted on: (1) one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree; (2) one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, a felony of the third degree; and (3) one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree.

{¶3} After negotiations with the State, Stoddard pleaded guilty to unlawful sexual conduct with a minor, and the State dismissed the remaining charges. The trial court accepted Stoddard's guilty plea and, on April 25, 2012, sentenced him to 54 months in prison. In October

2012, Stoddard filed a pro se motion for a delayed appeal. This Court granted his motion and appointed him appellate counsel. Stoddard's appellate counsel now raises two assignments of error for our review.

II

Assignment of Error Number One

APPELLANT STODDARD'S GUILTY PLEA MUST BE VACATED BECAUSE HE DID NOT ENTER HIS PLEA KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY.

{¶4} In his first assignment of error, Stoddard argues that his plea was not knowingly, voluntarily, or intelligently made. Specifically, he argues that the trial court erred when it did not "determine whether he understood that probation or community control might not be appropriate" and when it did not "determine whether [he] understood the effect of his [guilty] plea."

{¶5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To determine whether a plea is being made knowingly, intelligently, and voluntarily, the court must conduct a colloquy with the defendant before accepting a guilty plea in a felony case. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26. *See also* Crim.R. 11(C)(2).

{¶6} In the colloquy, the court is required to notify the defendant of various constitutional rights he or she is waiving by pleading guilty. *See* Crim.R. 11(C)(2)(c). These rights include: the right to a jury trial, to confront witnesses against him or her, to compel

witnesses to testify on his or her behalf, to have the State prove the defendant's guilt beyond a reasonable doubt, and the privilege against self-incrimination. *Id.* The court must strictly comply with Crim.R. 11(C)(2)(c) when it notifies the defendant of his or her constitutional rights. *Veney* at syllabus. Stoddard concedes in his brief that the trial court properly informed him of his constitutional rights during the change of plea hearing.

{¶7} However, in addition to providing notice of particular constitutional rights, Crim.R. 11(C)(2)(a) and (b) require the court to give other non-constitutional notifications. These notifications include informing the defendant if he or she is not eligible for probation or community control sanctions and "determining that the defendant understands the effect of the plea of guilty." Crim.R. 11(C)(2)(a) and (b). The court must substantially comply with these non-constitutional notifications. *Clark* at ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Rusu*, 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 6, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶8} Stoddard first argues that the court erred in not determining "whether he understood that probation or community control might not be appropriate." However, Crim.R. 11(C)(2)(a) does not turn on whether probation or community control is appropriate or not. The rule only requires the court to inform the defendant when he or she is not eligible for probation or community control. *See State v. Prieshoff*, 1st Dist. Hamilton No. C-850683, 1986 WL 4792, *2 ("[T]rial court had no duty under Crim.R. 11(C) to apprise the appellant that he would be ineligible for probation in the matter *sub judice* for the reason that appellant remained eligible for probation until the court imposed a specific sentence of actual incarceration."). In his brief, Stoddard concedes that there is no mandatory sentence for unlawful sexual conduct with a minor.

Because Stoddard was eligible for probation or community control sanctions, the court did not err in failing to notify Stoddard at his plea hearing that he was not eligible for probation or community control.

{¶9} Stoddard also argues that the trial court erred in not determining "whether [he] understood the effect of his [guilty] plea." Specifically, Stoddard argues that he did not understand that by pleading guilty he was admitting to the offense and could not challenge the finding of guilt on appeal. As support for his argument, Stoddard cites his "intellectual difficulties," which were mentioned in the psychosexual report, and the fact that he filed a pro se appeal attempting to challenge his conviction.

{¶10} In reviewing the psychosexual evaluation, we cannot conclude that Stoddard is intellectually impaired to the point where he could not understand the effect of his guilty plea. Dr. James Orlando found that Stoddard "was resistant, evasive, and required significant encouragement and redirection to complete the evaluation." While there was evidence of memory impairment, Dr. Orlando could not tell if this was "solely due to his reluctance to discuss his history and the instant offense." There is no evidence in the presentence investigation report ("PSI"), the psychosexual report, or in the record anywhere, for that matter, that suggests Stoddard was unable to understand the effect of his guilty plea.

{¶11} At the plea hearing, the court asked Stoddard if he understood that by pleading guilty "there w[ould] be no further proceedings in [his] case, and [he] would be giving up any appeal rights that could arise from a trial." Stoddard replied that he understood. He also acknowledged that he understood the evidence against him and had discussed the facts of his case with his attorney. Stoddard admitted that he had discussed his decision to plead guilty with

his sons and understood that by pleading guilty he was relieving the State of its obligation to prove his guilt beyond a reasonable doubt.

{¶12} After reviewing the record, we conclude that Stoddard's guilty plea was knowingly, intelligently, and voluntarily made. Stoddard's first assignment of error is overruled.

Assignment of Error Number Two

APPELLANT STODDARD'S SENTENCE MUST BE VACATED, AS THE TRIAL COURT DID NOT CONSIDER FACTORS THAT WOULD HAVE MITIGATED STODDARD'S SENTENCE, AND THEREBY ABUSED ITS DISCRETION.

{¶13} In his second assignment of error, Stoddard argues that the trial court abused its discretion in sentencing him to 54 months in prison. We disagree.

{¶14} When reviewing a trial court's sentence, we apply a two-step approach. *State v. Roper*, 9th Dist. Summit Nos. 26631 & 26632, 2013-Ohio-2176, ¶ 5. "The first step is to determine whether the sentence is contrary to law. The second step is to determine whether the court exercised proper discretion in imposing a term of imprisonment." (Internal citation omitted.) *State v. Smith*, 9th Dist. Medina No. 11CA00115-M, 2012-Ohio-2558, ¶ 3, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26.

{¶15} Stoddard makes no argument that his sentence is contrary to law. Instead, he limits his argument to the assertion that the court abused its discretion in "[i]mposing a near-maximum sentence." We, therefore, limit our review accordingly.

{¶16} When imposing a felony sentence, the court "shall be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id*. Further,

the sentence shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). R.C. 2929.12 sets forth factors for the court to consider when determining the seriousness of the offense and the likelihood of recidivism.

{¶17} Stoddard argues that the court failed to consider that (1) he did not inflict physical harm on the minor "separate from the sexual conduct," (2) he did not flee the jurisdiction despite having the opportunity, (3) he had a history of alcohol and drug abuse, and (4) his "intellectual functioning has never been on par with his peers."

{¶18} Stoddard was accused of having sexual intercourse with his 14-year-old grandniece several times over a period of a few months. At sentencing, the court said that it had considered the PSI, the psychosexual report, the age of the victim, and Stoddard's "total lack of remorse." In the psychosexual report, it was noted that Stoddard had an extensive history of drug and alcohol abuse, but Stoddard denied having any substance abuse problems. The report concluded that Stoddard "is irresponsible, deceitful and self[-]centered." He repeatedly denied responsibility. Stoddard accused his family of convincing the victim to lie "to get back at [him]."

{¶19} The PSI similarly concluded that Stoddard had shown "absolutely no remorse and failed to take any responsibility for any of his actions." Stoddard repeatedly told the officer during the PSI interview that the sexual conduct was consensual and that it was his grandniece's idea to have sex, not his. In addition to his utter lack of remorse, the PSI details Stoddard's criminal history. His earliest conviction was in 1980 for involuntary manslaughter. Since then he has had at least three convictions for operating a motor vehicle while under the influence, a

conviction for possession of cocaine, several convictions for disorderly conduct, and a conviction for failing to comply with a police order.

{¶20}  When asked at sentencing if he had anything he would like to say, Stoddard told the court, "I take full responsibility for anything that I have done."  The court then asked him why he had not said that before.  Stoddard responded, "I don't know."  The court found that Stoddard did not, in fact, accept responsibility.

{¶21}  After a review of the record, we cannot conclude that the court abused its discretion in sentencing Stoddard to 54 months in prison for his unlawful sexual conduct with his 14-year-old grandniece.  Stoddard's second assignment of error is overruled.

III

{¶22}  Stoddard's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.