[Cite as *State v. Battle*, 2016-Ohio-2917.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27549 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| LAMONT BATTLE | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2005-07-2434 (A) |

DECISION AND JOURNAL ENTRY

Dated: May 11, 2016

CARR, Judge.

{¶1} Defendant-Appellant, Lamont Battle, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for further proceedings.

I.

{¶2} Following certain events that occurred in July 2005, a grand jury indicted Battle on two counts of aggravated murder, one count of kidnapping, one count of arson, two counts of tampering with evidence, and six firearm specifications. Battle ultimately pleaded guilty to the amended charge of murder and a single firearm specification in exchange for the dismissal of his five remaining counts and firearm specifications. The court sentenced him to 18 years to life in prison. Battle did not initially appeal from the court's judgment.

{¶3} In 2009, Battle filed a motion to withdraw his plea on the basis that he had not knowingly, intelligently, and voluntarily entered into it. The State opposed the motion, and the

trial court ultimately denied it. Although Battle attempted to appeal from the court's denial of his motion, he did not do so for more than two years. This Court denied his motion to file a delayed appeal by journal entry and dismissed the attempted appeal because Battle "provided insufficient cause to justify the two-year delay" in his filing of the appeal. *State v. Battle*, 9th Dist. Summit No. 26253 (Jan. 27, 2012).

{¶4} In 2014, Battle filed another motion for delayed appeal, this time seeking to appeal from his original judgment of conviction. Battle alleged that he could not have filed his appeal at an earlier date because, until recently, he was unaware of his right to appeal from a guilty plea. This Court granted Battle's motion and allowed the case to proceed as a delayed appeal. *See State v. Battle*, 9th Dist. Summit No. 27549 (Dec. 5, 2014).

{¶5} Battle now appeals from his judgment of conviction and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH RULE 11'S CONSTITUTIONAL REQUIREMENTS WHEN TAKING MR. BATTLE'S PLEA[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT DID NOT MINIMALLY COMPLY WITH RULE 11'S NON-CONSTITUTIONAL REQUIREMENTS WHEN TAKING MR. BATTLE'S PLEA[.]

{¶6} In his first and second assignments of error, Battle argues that his guilty plea was not knowing, intelligent, and voluntary because, during his plea colloquy, the trial court failed to comply with various provisions of Crim.R. 11. We do not agree that Battle's plea is invalid.

**{¶7}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "To determine whether a plea is being made knowingly, intelligently, and voluntarily, the court must conduct a colloquy with the defendant before accepting a guilty plea in a felony case." *State v. Stoddard*, 9th Dist. Summit No. 26663, 2013-Ohio-4896, ¶ 5.

**{¶8}** Crim.R. 11(C)(2)(c) requires the trial court to inform a criminal defendant that a plea waives the defendant's constitutional rights "to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c); *Veney* at syllabus. "Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance with the rule is required." *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 5. Meanwhile, "Crim.R. 11(C)(2)(a) and 11(C)(2)(b) deal with nonconstitutional notifications, and substantial compliance by a trial court during a plea colloquy is sufficient." *Id.* Pursuant to those provisions, a trial court must ensure that a defendant understands the effect of his plea, including the maximum penalties he faces, and determine that the defendant is making his plea voluntarily. *See* Crim.R. 11(C)(2)(a), (b). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." (Internal citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶9} Battle first argues that the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) when informing him of his constitutional rights. Specifically, he argues that the court failed to notify him that, by pleading guilty, he would be waiving his right "to require the state to prove [his] guilt beyond a reasonable doubt * * *." Crim.R. 11(C)(2)(c). The record, however, reflects the following exchange took place during Battle's plea colloquy:

> THE COURT: All right. Now, if you enter a plea of guilty, you waive or give up your right to trial to the court or a jury where you must be proven guilty beyond a reasonable doubt. Do you understand that you're giving up that right?
>
> [BATTLE]: Yes, Your Honor.

Thus, the court discussed with Battle his right to have the charges against him proven beyond a reasonable doubt. The only point that the court omitted was that the State would be the one to prove those charges. *See* Crim.R. 11(C)(2)(c) (court must inform defendant that guilty plea waives his right "to require the state to prove [his] guilty beyond a reasonable doubt"). While a court must strictly comply with Crim.R. 11(C)(2)(c), it "may vary slightly from the literal wording of the rule in the colloquy * * *." *Veney* at ¶ 29. We cannot conclude that the trial court here failed to strictly comply with Crim.R. 11(C)(2)(c) simply because it employed the passive voice when advising Battle of his right. The record reflects that the court orally informed Battle of his constitutional right to have the charges against him proven beyond a reasonable doubt. It further reflects Battle's acknowledgment that his guilty plea would constitute a waiver of that right. As such, Battle's first assignment of error lacks merit.

{¶10} Next, Battle argues that the trial court failed to substantially comply with several provisions of Crim.R. 11 when informing him of his nonconstitutional rights. He argues that the court failed to: (1) notify him that his guilty plea would be a complete admission of his guilt, *see* Crim.R. 11(B)(1); (2) advise him of the maximum penalties involved for his offenses, including

any fines, *see* Crim.R. 11(C)(2)(a); (3) notify him that he was not eligible for probation or community control, *see* Crim.R. 11(C)(2)(a); and (4) inquire as to whether his plea was the result of any threat, promise, or inducement, *see* Crim.R. 11(C)(2)(a). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Rusu*, 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 6, quoting *Nero*, 56 Ohio St.3d at 108.

{¶11} At the start of Battle's plea hearing, the prosecutor informed the court that the parties had reached a negotiated plea, whereby Battle would plead guilty to one count of murder and one firearm specification and testify in an upcoming trial in exchange for the State dismissing the remainder of his charges. The prosecutor further noted that, as part of the plea agreement, the State would submit a letter to the parole board, requesting Battle's release once he finished serving his 3-year firearm sentence and 15-year murder sentence for a combined total of 18 years. After defense counsel noted his approval of the prosecutor's recitation of the plea agreement, the trial court personally addressed Battle.

{¶12} The court asked Battle whether he understood that count one of his amended indictment charged him with murder, "a special felony * * * that calls for a penalty of life imprisonment for 15 years to the board for parole purposes." Battle indicated that he understood. The court then asked Battle whether he understood that the firearm specification linked to that count called

> for three years which would be consecutive to the 15 to life sentence and prior to. That means your sentence would be for a total of life imprisonment of 18 years to the board of parole.

Battle indicated that he understood. He further indicated at the conclusion of the plea colloquy that he did not have any questions. The trial court ultimately sentenced him to 15 years on the

murder charge and 3 years on the firearm specification, to run consecutively for a total of 18 years in prison. The court did not impose any fine upon Battle. Thus, the court sentenced him in accordance with the plea that he and the State had reached.

{¶13} Even assuming that the trial court failed to substantially comply with certain portions of Crim.R. 11(B)(1) and 11(C)(2)(a)-(b) during Battle's plea colloquy, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Battle has not set forth any argument that, but for errors on the part of the trial court, he would not have entered his plea. *See Nero*, 56 Ohio St.3d at 108. Battle was originally charged with two counts of aggravated murder, kidnapping, arson, two counts of tampering with evidence, and six firearm specifications. He faced a substantial prison sentence if convicted following a trial. By pleading guilty, Battle was able to secure the dismissal of the vast majority of his charges and ensure the possibility of his release from prison in the specified time period. Accordingly, he has not shown that he was prejudiced as a result of any errors the trial court may have made with regard to his nonconstitutional rights. Battle's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT FAILED TO SENTENCE MR. BATTLE IN COMPLIANCE WITH ORC § 2929.19[.]

{¶14} In his third assignment of error, Battle argues that the trial court failed to comply with various provisions of Former R.C. 2929.19 when it imposed his sentence. We do not agree that the court committed reversible error.

{¶15} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing

evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶16} Former R.C. 2929.19(A)(1) provided that, at an offender's sentencing hearing, "[t]he court shall inform the offender of the * * * finding of the court and ask the offender whether [he] has anything to say as to why sentence should not be imposed upon [him]." It further provided that,

> if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> (a) Impose a stated prison term;
>
> (b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
>
> * * *
>
> (f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse.

Former R.C. 2929.19(B)(3)(a), (b), and (f). According to Battle, the trial court did not comply with any of the foregoing provisions when it sentenced him on his guilty plea.

{¶17} First, Battle claims that the court erred when it sentenced him without "inform[ing] [him] of the * * * finding of the court" or affording him his right to allocution. Former R.C. 2929.19(A)(1). Yet, Battle pleaded guilty, and "a plea of guilty requires no finding or verdict." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 15. "When a guilty plea is

accepted, the court is to proceed with sentencing under Crim.R. 32 upon determining that the plea was voluntarily and knowingly given." *State v. Greenleaf*, 9th Dist. Summit No. 21370, 2003-Ohio-5901, ¶ 5, citing Crim.R. 11(B)(3), (C). The court here proceeded to sentencing after accepting Battle's guilty plea. Further, at his sentencing hearing, the court inquired whether there was "anything [Battle] want[ed] to say before sentence [was] pronounced against [him]." This Court has held "a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say." *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14. Battle has not shown that the court violated Former R.C. 2929.19(A)(1) when it imposed his sentence. Consequently, we reject his arguments to the contrary.

{**¶18**} Second, Battle argues that the court failed to "[i]mpose a stated prison term" upon him because it did not tell him what his actual term of imprisonment would be. Former R.C. 2929.19(B)(3)(a). At Battle's plea hearing, the prosecutor indicated that the parties had reached a plea agreement whereby "[t]he sentence that [Battle] would receive would be 15 years to life, plus three years for the firearm specification, for a total of 18 years that he would be eligible for parole." Likewise, at the sentencing hearing, the prosecutor informed the court that the "sentence imposed should be 15 years to life on the murder, three years consecutive on the firearm specification, for a total of 18 years' eligibility to the parole board." The court then stated that Battle would receive "life imprisonment, 15 years to the board," on his murder charge "and for the use of a firearm to commit that murder three years which will be consecutive to and prior to the murder giving you the eligibility for parole in 18 years." The trial court did not neglect to sentence Battle on one of his counts or otherwise fail to impose a stated prison term upon him. *Compare State v. Tooley*, 9th Dist. Medina Nos. 09CA0098-M, 09CA0099-M &

09CA0100-M, 2011-Ohio-2449, ¶ 11-13 (court failed to impose stated prison term where it did not specifically impose a prison term for each of the defendant's three theft offenses). Accordingly, we reject Battle's argument to the contrary.

{¶19} Third, Battle argues that the trial court erred when it sentenced him in the absence of a notification that, "as part of his sentence, the parole board [could] extend [his] stated prison term for certain violations of prison rules for up to one-half of [his] stated prison term." Former R.C. 2929.19(B)(3)(b). "In reliance on * * * *State ex rel. Bray v. Russell*[, 89 Ohio St.3d 132, 136 (2000)], wherein the high court held Ohio's 'bad time' statute unconstitutional, this Court [has] held that 'the notification requirement [] set forth in [Former] R.C. 2929.19(B)(3)(b) is moot.'" *State v. Bullard*, 9th Dist. Wayne No. 08CA0034, 2009-Ohio-1826, ¶ 36, quoting *State v. Geiger*, 9th Dist. Summit No. 22073, 2004-Ohio-7189, ¶ 20. As such, Battle's argument regarding Former R.C. 2929.19(B)(3)(b) lacks merit.

{¶20} Finally, Battle argues that the trial court erred when it failed to comply with Former R.C. 2929.19(B)(3)(f). The requirements of that provision, however,

> were not intended to benefit a defendant, but to facilitate drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs. * * * Because the statute creates no substantive rights, a trial court's failure to comply with its terms results in no prejudice to a defendant and constitutes harmless error.

(Internal citations and quotations omitted.) *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 18. As such, any error on the part of the trial court in not complying with Former R.C. 2929.19(B)(3)(f) was, at best, harmless. Battle's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN ASSESSING ATTORNEY FEES AND COSTS AGAINST [MR. BATTLE] WITHOUT INFORMING [HIM] AT HIS

SENTENCING OR MAKING AN "ABILITY TO PAY" FINDING AS REQUIRED UNDER O.R.C. §§ 2947.23 AND 2941.51(D)[.]

**{¶21}** In his fourth assignment of error, Battle argues that the trial court erred when it ordered him to pay his attorney fees and court costs without first making an ability to pay determination. He further argues that the court erred by imposing costs against him in the absence of the community service notifications set forth in Former R.C. 2947.23. For the reasons set forth below, we agree that this matter must be remanded for additional proceedings.

**{¶22}** Initially, we note that the trial court did not order Battle to pay his attorney fees. The court only ordered him "to pay all prosecution costs, including any fees permitted pursuant to O.R.C. 2929.18(A)(4)." Former R.C. 2929.18(A)(4) allowed the court to impose upon an offender "[a] state fine or costs as defined in section 2949.111 of the Revised Code." That definition did not include attorney fees as "State fines or costs." *See* Former R.C. 2949.111(A)(2). Accordingly, the record does not support Battle's assertion that the trial court ordered him to pay his attorney fees. Because he was not ordered to pay attorney fees, we focus strictly on his arguments regarding the court's imposition of costs.

**{¶23}** First, Battle argues that the court erred by ordering him to pay costs without first assessing his ability to pay them. "Unlike financial sanctions issued pursuant to R.C. 2929.19, [however,] the imposition of court costs under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay." *State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 15. *Accord State v. Dean*, Slip Opinion No. 2015-Ohio-4347, ¶ 231. While an indigent defendant may motion the court to waive his costs, the motion "must be made at the time of sentencing." *State v. Threatt*, 108 Ohio St.2d 277, 2006-Ohio-905, paragraph two of the syllabus. The record reflects that Battle never asked the court to waive his court costs. Because

the court was not required to consider his ability to pay costs before imposing them and Battle never sought waive them, his first argument lacks merit. *See Hodge* at ¶ 17.

{¶24} Second, Battle argues that the court erred by imposing costs against him in the absence of the community service notifications set forth in Former R.C. 2947.23. Former R.C. 2947.23(A)(1) provided, in relevant part, that

> [i]n all criminal cases, * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. At the time the judge * * * imposes sentence, the judge * * * shall notify the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

The statute "required trial courts to advise defendants of the foregoing community service notifications at their sentencing hearings." *State v. Eader*, 9th Dist. Summit No. 26762, 2013-Ohio-3709, ¶ 19. A court's failure to comply with the statute resulted in reversible error. *Id. Accord State v. Beach*, 9th Dist. Summit Nos. 26021 & 27124, 2015-Ohio-3445, ¶ 51.

{¶25} Battle argues that this matter must be remanded on the issue of costs, and the State concedes that a remand is necessary. The transcript from Battle's sentencing hearing evidences the fact that the trial court failed to comply with Former R.C. 2947.23(A)(1) when it sentenced Battle to pay his court costs. Although the court informed Battle that he would have to pay the costs of his prosecution, it did not inform him that his failure to pay them could result in the imposition of community service or that he would receive credit toward the costs from any community service so imposed. As such, we agree that it is appropriate to remand the matter for

further proceedings. Battle's fourth assignment of error is sustained on that basis and "this matter is remanded for the trial court * * * to comply with the community service notification requirements of [F]ormer R.C. 2947.23(A)(1)." *Beach* at ¶ 54.

## III.

**{¶26}** Battle's fourth assignment of error is sustained. His remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ANDREA L. WHITAKER and WILLIAM T. WHITAKER, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.