**[Cite as *State v. McKinney*, 2017-Ohio-4346.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 16AP0026 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH MCKINNEY | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2016 CRC-1 000002 |

DECISION AND JOURNAL ENTRY

Dated: June 19, 2017

CARR, Judge.

{¶1} Defendant-Appellant Joseph McKinney appeals from the judgment of the Wayne County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this opinion.

I.

{¶2} In January 2016, McKinney was indicted on one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the third degree. McKinney pleaded guilty to the charge and the trial court sentenced McKinney to 18 months in prison.

{¶3} McKinney filed a motion for a delayed appeal, which this Court granted.[1] McKinney now raises a single assignment of error for our review.

_____

[1] The plea hearing also involved case 2016 CRC-I 000076. However, this appeal is only from case 2016 CRC-I 000002, and thus only addresses the illegal assembly or possession of chemicals for the manufacture of drugs conviction.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR[ W]HEN IN TAKING MCKINNEY'S NO CONTEST PLEA IT FAILED TO COMPLY WITH CRIMINAL RULE 11.

{¶4} McKinney argues in his assignment of error that the trial court failed to comply with Crim.R. 11 in taking his plea. The State has conceded that the trial court failed to inform McKinney of his right to confrontation, thereby rendering his plea invalid.

{¶5} "'A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner.'" *State v. Farnsworth,* 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4, quoting *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Farnsworth* at ¶ 4.

{¶6} "The Ohio Supreme Court has urged literal compliance with the mandates of Crim.R. 11." *Id.* at ¶ 6, citing *Clark* at ¶ 29. "However, in the absence of literal compliance, 'reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy.'" *Farnsworth* at ¶ 6, quoting *Clark* at ¶ 30. "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid under a presumption that it was entered involuntarily and unknowingly." *Farnsworth* at ¶ 6, quoting *Clark* at ¶ 31. "'Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance with the rule

is required.'" *State v. Battle,* 9th Dist. Summit No. 27549, 2016-Ohio-2917, ¶ 8, quoting *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 5.

{¶7}    Crim.R. 11(C)(2)(c) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8}    The plea colloquy discussing McKinney's constitutional rights proceeded at follows:

The Court: All right. All right and you're prepared to waive your rights on both cases to a jury trial and witnesses?

[McKinney:] Yeah.

The Court: And to have the State prove the case beyond a reasonable doubt?

[McKinney:] Yeah.

The Court: And also your right to have witnesses subpoenaed and your right to remain silent?

[McKinney:] Yeah.

{¶9}    During the plea hearing, the trial court failed to explain to McKinney his right to confront the witnesses against him, a constitutional right outlined in Crim.R. 11(C)(2)(c). Accordingly, McKinney's plea is invalid. *See Farnsworth* at ¶ 6; *State v. King*, 9th Dist. Summit No. 25228, 2011-Ohio-3664, ¶ 6-7; *State v. Troutman*, 9th Dist. Lorain No. 09CA009590, 2010-Ohio-39, ¶ 10.

{¶10}  While McKinney has raised other alleged defects in the plea colloquy, as we have already determined that his plea is invalid, there is no need to address them.

**{¶11}** McKinney's sole assignment of error is sustained.

### III.

**{¶12}** McKinney's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.