[Cite as *State v. Smith*, 2012-Ohio-2558.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 11CA0115-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES W. SMITH | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 11-CR-0395 |

DECISION AND JOURNAL ENTRY

Dated: June 11, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1} Charles Smith pleaded no contest to a single count of trafficking in drugs, a felony of the third degree. The trial court found him guilty of the offense and sentenced him to 24 months in prison. Mr. Smith has appealed his sentence, arguing that the trial court failed to properly consider the appropriate sentencing factors. We affirm in part because the court exercised proper discretion when it sentenced him to 24 months in prison. We vacate Mr. Smith's sentence in part because the court failed to properly notify him about postrelease control.

## SENTENCING

{¶2} Mr. Smith's assignment of error is that the trial court failed to adequately consider the required sentencing factors when it imposed his sentence. He has argued that the court improperly imposed more than the minimum sentence even though he had never been imprisoned before and a prison term was not mandatory.

{¶3} In *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, a plurality of the Ohio Supreme Court determined that, in light of *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, when appellate courts review criminal sentences, they must follow a "two-step approach." *Id*. at ¶ 4. The first step is to determine whether the sentence is contrary to law. *Id*. The second step is to determine whether the court exercised proper discretion in imposing the term of imprisonment. *Id*. at ¶ 26. The parties agree that *Kalish* provides the correct standard of review in this case.

{¶4} In *State v. Mathis*, 109 Ohio St. 3d 54, 2006-Ohio-855, at ¶ 38, the Ohio Supreme Court explained that, "[a]lthough after *Foster* the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *See also* R.C. 2929.13(C).

{¶5} Under Section 2929.11(A) of the Ohio Revised Code, "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender . . . . To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in [Section 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶6} Section 2929.12 of the Ohio Revised Code provides additional guidance. "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence . . . upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [Sections 2929.12(B) and (C)] relating to the seriousness of the conduct and the factors provided in [Sections 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶7} Most of the factors set forth under Section 2929.12(B) pertain to the circumstances of the "victim," whether the offender held a position of trust in the community, and whether the offender was motivated by prejudice. None of those factors were applicable in this case. Similarly, none of the factors under Section 2929.12(C) were relevant.

{¶8} Regarding Mr. Smith's likelihood of recidivism, under Section 2929.12(D), the court was required to consider whether, at the time of the offense, he "was under release from confinement before trial or sentencing," whether he "previously was adjudicated a delinquent child" or had "a history of criminal convictions," whether he had "not been rehabilitated to a satisfactory degree" after his prior offences, whether he "demonstrated a pattern of drug or alcohol abuse that is related to the offense," and whether he showed "no genuine remorse for the offense." Finally, under Section 2929.12(E), the court had to consider factors indicating that Mr.

Smith was not likely to commit future crimes, which are, essentially, the inverse of the factors listed in Section 2929.12(D).

{¶9}    The trial court found that Mr. Smith had an "alarming" criminal record, which began when he was a juvenile.  It noted that, as a juvenile, he was adjudicated delinquent for felony vandalism, criminal damaging, receiving stolen property, furnishing alcohol to a minor, violation of court orders, curfew violations, assault, and burglary.  It noted that, in the ten years since he had reached the age of majority, he had been convicted for underage possession of alcohol, possession of drug paraphernalia, twice for driving under the influence, twice for disorderly conduct, theft, sale to an underage person, and multiple times for driving under suspension.  It also noted that, after he was charged with the trafficking offense at issue in this case, he was arrested and convicted for a different trafficking offense and a couple of additional driving under suspension offenses.

{¶10}  The court found that Mr. Smith was a "high-risk offender" and characterized his likelihood of recidivism as "absolutely."  It found that he had committed the present offense while he was on bail, that he had a history of criminal convictions and juvenile delinquent adjudications and had not responded favorably to sanctions previously imposed.  It also found that, because he had a history of violating probation, a prison term was appropriate because, "obviously, probation clearly doesn't work with [him]."  It further found that the minimum sentence would not be appropriate because of his prior criminal conduct and because he had committed a similar offense while his case was pending.

{¶11}  Mr. Smith has argued that the court failed to properly consider the sentencing factors because it did not specifically "mention on the record . . . that R.C. 2929.12 and 2929.13 were considered[.]"  Not only has he not cited any authority in support of his argument, the Ohio

Supreme Court has explained that a court does not have to put its consideration of the sentencing factors on the record. *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, ¶ 18 n.4.

{¶12} The record demonstrates that the trial court considered all of the relevant factors before imposing Mr. Smith's sentence. In addition, Mr. Smith has not established that the court improperly weighed the recidivism factors. Mr. Smith's assignment of error is overruled.

POST-RELEASE CONTROL

{¶13} In its brief, the State has argued that, although the court properly sentenced Mr. Smith to 24 months in prison, it did not correctly impose post-release control. Under Section 2967.28(C) of the Ohio Revised Code, "[a]ny sentence to a prison term for a felony of the third, fourth, or fifth degree that is not [a felony sex offense or if the offender did not cause or threaten physical harm to a person] shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board . . . determines that a period of post-release control is necessary for that offender." Similarly, at the time of his offense, Section 2929.14(F)(2) provided that, "[i]f a court imposes a prison term for a felony of the third, fourth, or fifth degree . . . , it shall include in the sentence a requirement that the offender be subject to a period of post-release control after [his] release from imprisonment, in accordance with [Section 2967.28], if the parole board determines that a period of post-release control is necessary." R.C. 2929.14(F)(2), effective Apr. 7, 2009. In addition, Section 2929.19(B)(3)(d) provided that, "if the sentencing court determines . . . that a prison term is necessary or required, [it] shall . . . [n]otify the offender that [he] may be supervised under section 2967.28 of the Revised Code after [he] leaves prison if [he] is being sentenced for a felony of the third, fourth, or fifth degree . . . ." R.C. 2929.19(B)(3)(d), effective Apr. 7, 2009.

**{¶14}** At the sentencing hearing, the trial court incorrectly told Mr. Smith that "the prison authority may place you on post-release control for three years" instead of "up to three years." Although the court used the correct language in its sentencing entry, the Ohio Supreme Court has held that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, __ Ohio St. 3d __, 2012-Ohio-1111, ¶ 18. It has also explained that, if the notification given at the sentencing hearing does not comply with the statutory requirements, the error is not "correctable through a nunc pro tunc entry." *Id*. at ¶ 20. Accordingly, because the trial court did not correctly notify Mr. Smith about postrelease control at his sentencing hearing, we vacate his sentence in part and remand for a limited resentencing hearing under Section 2929.19.1 of the Ohio Revised Code. *See* R.C. 2929.19(B)(3)(d), effective Apr. 7, 2009; *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at paragraphs one and two of the syllabus.

## CONCLUSION

**{¶15}** The trial court considered the relevant required sentencing factors before imposing Mr. Smith's sentence. The court incorrectly notified Mr. Smith about postrelease control at the sentencing hearing. Mr. Smith's sentence is affirmed in part and vacated in part, and this matter is remanded for a limited resentencing hearing under Section 2929.19.1 of the Ohio Revised Code.

Judgment affirmed in part,
sentence vacated in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

---

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶16} I concur with the majority on the underlying sentencing issue. In regard to post-release control, I respectfully dissent on the basis of the same principle I articulated in *State v. Yeager*, 9th Dist. No. 25125, 2010-Ohio-3848, ¶ 16. I would hold that by informing Smith at his plea hearing that "the prison authority may place you on post-release control for three years," the trial court adequately informed Smith that he was subject to up to three years post-release control pursuant to R.C. 2967.28(C).

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.