[Cite as *State v. Owen*, 2013-Ohio-2824.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-102** |
| TAMARA J. OWEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000174.

Judgment: Reversed and remanded.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*R. Paul LaPlante,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Tamara J. Owen, appeals her sentence following her guilty plea in the Lake County Court of Common Pleas to operating a vehicle under the influence of alcohol ("OVI"), a felony of the third degree. At issue is whether the trial court erred in sentencing appellant pursuant to Ohio's OVI statute rather than Ohio's general

sentencing statute, as revised by H.B. 86. For the reasons that follow, we reverse and remand.

{¶2} This case involves a conflict in Ohio's sentencing statutes with respect to the maximum prison sentence authorized for third-degree felony OVI and requires us to resolve this conflict. The OVI statute provides for a maximum sentence of five years for this offense. However, R.C. 2929.14(A)(3), recently enacted by H.B. 86, has reduced the maximum prison term for third-degree felonies, with certain exceptions not applicable here, to three years. The General Assembly did not resolve or even address this conflict in H.B. 86. Further, as both parties acknowledge, no Ohio appellate court has addressed this issue. Thus, neither the case law of the Ohio Supreme Court nor that of our sister Appellate Districts provides guidance. As a result, this court resolves this conflict according to the rules of statutory construction adopted by the General Assembly.

{¶3} Appellant was charged by way of information with one count of OVI, a third-degree felony, in violation of R.C. 4511.19(A)(2), having previously been convicted of a felony OVI within the last 20 years of the date of the current offense and having refused to submit to a chemical test in connection with the current offense. Appellant pled not guilty.

{¶4} Appellant subsequently entered a plea bargain with the state. At the guilty plea/sentencing hearing held on August 2, 2012, she pled guilty to OVI as charged in the information. The trial court advised appellant that H.B. 86, which revised Ohio's general sentencing statutes, became effective on September 30, 2011. The court stated that, pursuant to R.C. 2929.14(A)(3), as revised by H.B. 86, the five-year

2

maximum prison sentence for certain listed third-degree felonies remains the same, while the maximum sentence for other third-degree felonies is three years. OVI was not included in that list.

{¶5} The court stated that, in contrast, R.C. 4511.19(G)(1)(e), which makes OVI a third-degree felony if the offender has previously been convicted of a felony OVI, allows for a maximum sentence of five years in prison.

{¶6} The trial court advised appellant that it is unclear whether the OVI offense with which she is charged allows for a five- or three-year maximum prison sentence. While the court interpreted the statutes to authorize a five-year maximum prison term for appellant's offense, the court acknowledged that a reasonable interpretation of H.B. 86 would limit appellant's sentence to a maximum of three years in prison.

{¶7} The court advised appellant that the maximum sentence would be five years or three years, depending on how H.B. 86 was interpreted. The court noted that at a recent pretrial, counsel for both parties told the court they would jointly recommend that appellant be sentenced to 24 months in prison. The court stated it told counsel that if the court accepted their recommendation, it would sentence appellant to five years in prison and suspend three years of the sentence. The court said that, after appellant served two years in prison, the court would place her on five years of community control sanctions so she will be under the court's supervision for a total of seven years. The court explained the reason for this hybrid sentence is that appellant did very well when she was on probation for her prior OVI conviction, but as soon as she was off probation, she committed the current offense. The court told appellant that if she did not successfully complete community control, there would be severe consequences. The

3

court said it wanted to keep her under its supervision so she would have a better chance of not ruining her life.

{¶8} Appellant's counsel stated that he had asked the court at the recent pretrial to consider a three-year maximum sentence based on the change in H.B. 86. He said he made this request while acknowledging the OVI statute authorizes the court to sentence appellant to five years in prison. Appellant's counsel said that, since OVI was not included in the list of third-degree felonies that retain a five-year maximum sentence in H.B. 86, "there's maybe [sic] in my position * * * a little inconsistency, and still * * * maybe [sic] some consideration down the road as to what the legislature meant."

{¶9} The prosecutor outlined the factual basis for appellant's guilty plea. On February 22, 2012, appellant was driving her car in Painesville when an Ohio State Patrol Trooper clocked her driving 45 m.p.h. in a 25 m.p.h. zone. The trooper stopped appellant and asked for her license. She said it was suspended due to a prior OVI conviction. The trooper noticed a strong odor of alcohol coming from appellant. She denied drinking any alcoholic beverages. However, after failing the field sobriety tests, appellant said she knew she should not have been driving. She refused to take a breath test. The prosecutor also stated appellant was previously convicted of felony OVI in 2007.

{¶10} The court found that appellant's guilty plea was voluntary; accepted her plea; and found her guilty of OVI, a felony of the third degree, in violation of R.C. 4511.19(A)(2).

4

{¶11} The court then proceeded to sentencing. Appellant's counsel asked the court to adopt appellant's and the state's joint recommendation that appellant be sentenced to two years in prison with the understanding that the court will suspend the remaining prison time and place her on community control for five years. Appellant's attorney told the court that after the last pretrial, he telephoned appellant and told her about the court's proposed sentence. He said appellant never hesitated to accept it. Appellant told her attorney that when she was on probation following her prior OVI conviction, that was the best four years of her life.

{¶12} Consistent with the parties' joint recommendation, the court imposed a hybrid sentence. The court sentenced appellant to five years in prison. Appellant was to serve the first two years of the sentence. The remaining three years were suspended to secure appellant's compliance with the community control component of her sentence. Upon her release from prison in two years, she was ordered to be placed on community control sanctions for the next five years.

{¶13} Appellant appeals her sentence, asserting the following for her sole assignment of error:

{¶14} "The trial court imposed a prison sentence that was contrary to law when it sentenced the defendant-appellant to five years in prison where Ohio's sentencing statute limits the prison sentence to a maximum of three years."

{¶15} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, the Supreme Court of Ohio established a two-step analysis for an appellate court reviewing a felony sentence. In the first step, we consider whether the trial court "adhered to all applicable rules and statutes in imposing the sentence." *Id.* at ¶14. "As a purely legal question, this

is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id.* The Supreme Court in *Kalish* stated that if the trial court's sentence was outside the permissible statutory range, the sentence would be clearly and convincingly contrary to law. *Id.* at ¶15.

{¶16} Next, if the first step is satisfied, we consider whether, in selecting the actual term of imprisonment within the permissible statutory range, the trial court abused its discretion. *Kalish*, *supra*, at 26.

{¶17} The instant appeal also involves the interpretation of statutory provisions. "[T]his court reviews a trial court's interpretation and application of a statute under a de novo standard of appellate review." *State v. Phillips*, 11th Dist. No. 2008-T-0036, 2008-Ohio-6562, ¶11. "Statutory interpretation involves a question of law; therefore, we do not give deference to the trial court's determination." *Id.* The cornerstone of statutory interpretation is legislative intention. *State ex rel. Francis v. Sours*, 143 Ohio St. 120, 124 (1944). In order to determine legislative intent, it is a cardinal rule of statutory construction that a court must first look to the language of the statute itself. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105 (1973). "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). A court may interpret a statute only where the words of the statute are ambiguous. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.*, 32 Ohio St.3d 24, 27 (1987). Ambiguity exists if the language is susceptible of more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996).

**{¶18}** The OVI statute, R.C. 4511.19, was last revised, effective September 23, 2011. R.C. 4511.19(G)(1)(e) makes OVI a third-degree felony if the offender has previously been convicted of a felony OVI. R.C. 4511.19(G)(1)(e)(ii) provides that if the offender is convicted of a violation of R.C. 4511.19(A)(2) for the refusal to submit to a chemical test, as in this case, the offender shall be sentenced to a mandatory prison term of one, two, three, four, or five years pursuant to R.C. 2929.13(G)(2) (if the offender is also convicted of a specification that he has five or more prior OVI convictions in the last 20 years) or a mandatory prison term of 120 days (if the offender is not convicted of such specification). The court may also impose a prison term in addition to the mandatory term. The total of a mandatory prison term and the additional prison term shall not exceed five years. In addition, the court may also impose a community control sanction.

**{¶19}** In contrast, R.C. 2929.14(A)(3)(a), which was revised by H.B. 86, effective September 30, 2011, provides that the five-year maximum prison sentence for the following third-degree felonies remains in effect: aggravated vehicular homicide, aggravated vehicular assault, sexual battery, unlawful sexual conduct with a minor, gross sexual imposition, and robbery or burglary if the offender has two or more prior aggravated or regular robbery or burglary convictions. However, for other third-degree felonies, the maximum sentence is three years. R.C. 2929.14(A)(3)(b). Thus, the five-year maximum sentence was only retained for certain felonies involving violence. This revision to R.C. 2929.14(A)(3) did not include OVI in the list of offenses retaining a five-year maximum sentence.

{¶20} Further, R.C. 2929.14(B)(4), revised as part of H.B. 86, provides that if an offender is being sentenced for a third-degree felony OVI, the court shall impose a mandatory prison term under R.C. 2929.13(G)(2) of one, two, three, four, or five years (if he is also convicted of a specification that he has five or more prior OVI convictions within the last 20 years) or a mandatory prison term of 120 days (if not convicted of such a specification). In addition to the mandatory prison term, the court may sentence the defendant to an additional prison term of any duration specified in R.C. 2929.14(A)(3). The total of the additional prison term and the mandatory prison term shall equal one of the authorized prison terms in R.C. 2929.14(A)(3) for a third-degree felony OVI. In addition to the mandatory and additional prison terms, the court may also sentence the defendant to a community control sanction.

{¶21} Appellant argues that the trial court's sentence is clearly and convincingly contrary to law because the court sentenced her to five years in prison, although, she argues, H.B. 86 limited her maximum sentence to three years. Appellant's argument therefore addresses only the first step of the *Kalish* analysis.

{¶22} Appellant asserts two reasons in support. First, she argues there is a conflict between R.C. 4511.19, which authorizes a five-year maximum sentence for third-degree felony OVI, and R.C. 2929.14(A)(3), which provides for a maximum sentence of three years for those third-degree felonies not listed in R.C. 2929.14(A)(3)(a). She argues that, because H.B. 86 was enacted after RC. 4511.19 was last revised, the three-year maximum sentence provided for in R.C. 2929.14(A)(3) prevails over the five-year maximum sentence authorized by R.C. 4511.19. Second, appellant argues that the conflict between these two statutes should be resolved in

8

favor of R.C. 2929.14(A)(3) to promote the legislative goal expressed in H.B. 86 of emphasizing the use of minimum sanctions.

{¶23} In contrast, the state argues the different sentences provided for in R.C. 4511.19(G)(1)(e)(ii) and 2929.14(A)(3) "have created an ambiguity." Thus, the state argues this court should interpret these statues pursuant to R.C. 1.49, which contains rules for interpreting ambiguous statutes, to effectuate the legislative intent that the five-year sentence in R.C. 4511.19(G)(1)(e)(ii) for third-degree felony OVI remain in effect.

{¶24} We are therefore asked to consider which sentencing statute prevails over the other. As there is no case law addressing which of these statutes prevails, we turn to the rules of statutory construction enacted by the General Assembly to resolve this conflict. Contrary to the state's argument, there is nothing ambiguous about these sentencing statutes; each is plain and definite. Thus, the rules for interpreting an ambiguous statute, as set forth in R.C. 1.49, do not apply. Rather, the problem is that the OVI statute and the general sentencing statute are in conflict.

{¶25} The General Assembly has also enacted rules for interpreting conflicting statutes in R.C. 1.51 and R.C. 1.52. R.C. 1.51 provides:

{¶26} If a general provision conflicts with a special * * * provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special * * * provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent [of the legislature] is that the general provision prevail.

**{¶27}** R.C. 1.51 thus applies when a conflict exists between a general and a special or specific statutory provision. While appellant argues that R.C. 2929.14 is a general, rather than a specific, sentencing statute, R.C. 2929.14(A)(3) sets forth a specific, two-tiered sentencing scheme for third-degree felonies. Further, R.C. 2929.14(B) outlines a highly specific sentencing scheme for third-degree felony OVI offenses. As a result, R.C. 2929.14(A)(3) and R.C. 2929.14(B)(4) are specific sentencing statutes.

**{¶28}** Thus, R.C. 1.51 does not apply here because both statutes at issue, R.C. 4511.19 and R.C. 2929.14(A)(3), are specific, rather than general, in nature. However, R.C. 1.52, the companion statute to R.C. 1.51, is not limited to cases in which a general statute conflicts with a specific statute. To the contrary, R.C. 1.52(A) provides: "If statutes * * * are irreconcilable, the statute latest in date of enactment prevails."

**{¶29}** It cannot be disputed that these two statutes are in irreconcilable conflict since the maximum sentence authorized for a third-degree felony OVI under R.C. 4511.19(G)(1)(e) is five years, while the maximum sentence allowed for third-degree felonies, other than those listed in R.C. 2929.14(A)(3)(a), is three years. Since these statutes are in conflict and both are specific in nature, we hold that, pursuant to R.C. 1.52, the later enacted statute, i.e., R.C. 2929.14(A)(3), prevails over R.C. 4511.19(G)(1)(e)(ii).

**{¶30}** Our interpretation is consistent with the legislative intent of H.B. 86, as expressed in R.C. 2929.11 and R.C. 2929.14(A)(3). According to the current version of R.C. 2929.11, the revised portion of which is emphasized, the overriding purposes of felony sentencing are to "protect the public from future crime by the offender and others

10

and to punish the offender *using the minimum sanctions that the court determines accomplish those purposes* without imposing an unnecessary burden on state or local government resources." (Emphasis added.) This emphasized language evinces the legislative intent that sentencing courts are to use the minimum sanctions available to accomplish the purposes of felony sentencing.

{¶31} Further, H.B. 86's creation of a two-tiered sentencing scheme for third-degree felonies in R.C. 2929.14(A)(3) also shows the legislative intent to limit the five-year maximum sentence for third-degree felonies to certain listed offenses involving violence.

{¶32} Moreover, we note that the only vehicle-related third-degree felonies that retain a five-year maximum sentence in R.C. 2929.14(A)(3)(a) are aggravated vehicular homicide and aggravated vehicular assault. This provision signals the legislature's intent that a five-year maximum sentence for third-degree felonies involving vehicles be limited to offenses involving violence.

{¶33} We recognize that the trial judge, in imposing appellant's hybrid sentence, was seeking to fashion a sentence that would take into account her prior felony OVI conviction, but also help her to avoid repeating her pattern of drunk driving in the future. The record shows that appellant did very well while on probation following her prior OVI conviction and that the trial court wanted to keep her under the court's supervision as long as possible to ensure her rehabilitation and avoid another OVI conviction.

{¶34} On remand, the trial court shall exercise its discretion in re-sentencing appellant to one of the prison terms set forth in R.C. 2929.14(A)(3)(b) up to three years in prison.

{¶35} We therefore hold that the five-year maximum sentence imposed by the trial court was clearly and convincingly contrary to law.

{¶36} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.