[Cite as *State v. Shaffer*, 2014-Ohio-2461.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

     Appellee

v.

PENNY J. SHAFFER

     Appellant

C.A. Nos.     12CA0071-M
                 12CA0077-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     12 CR 0125

DECISION AND JOURNAL ENTRY

Dated: June 9, 2014

---

MOORE, Judge.

{¶1}    Defendant-Appellant, Penny J. Shaffer, appeals from the May 8, 2012 judgment entry of the Medina County Court of Common Pleas.  We affirm.

I.

{¶2}    In 2012, Ms. Shaffer was indicted on one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A), a felony of the third degree, and one count of possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree.  Ms. Shaffer initially pleaded not guilty to both charges, but later changed her plea to no contest.  The trial court found her guilty and sentenced Ms. Shaffer to five years of mandatory imprisonment for illegal assembly or possession of chemicals for the manufacture of drugs, and one-year of imprisonment for possession of drugs, to be served concurrently. The judgment entry indicates that Ms. Shaffer's sentence was jointly recommended by both parties.

**{¶3}** Ms. Shaffer appealed[1], and raises one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED PLAIN ERROR AND IMPOSED A SENTENCE CONTRARY TO LAW IN VIOLATION OF R.C. 2953.08 BY SENTENCING [MS. SHAFFER] TO A MANDATORY PRISON TERM OF FIVE YEARS FOR THE THIRD-DEGREE FELONY OFFENSE OF ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF DRUGS IN VIOLATION OF R.C. 2925.041(A), WHERE THE MAXIMUM SENTENCE AUTHORIZED UNDER R.C. 2929.14(A)(3) FOR THAT NON-VIOLENT THIRD-DEGREE FELONY OFFENSE WAS ONLY THIRTY-SIX MONTHS OR THREE YEARS.

**{¶4}** In her sole assignment of error, Ms. Shaffer argues that her sentence of five years' mandatory imprisonment for illegal assembly or possession of chemicals for the manufacture of drugs, pursuant to R.C. 2925.041(C)(1), is excessive and contrary to law. Specifically, Ms. Shaffer argues that she should have been sentenced under R.C. 2929.14(A)(3)(b), which provides a thirty-six month maximum prison term for a third degree felony that is not otherwise listed in R.C. 2929.14(A)(3)(a).

**{¶5}** The State responded that Ms. Shaffer's argument lacks merit because the trial court properly sentenced her under the "explicit terms of R.C. 2925.041(C)(1) which acts as a specific exception to the otherwise general sentencing scheme under R.C. 2929.14(A)(3)."

**{¶6}** "When reviewing a trial court's sentence, we apply a two-step approach." *State v. Stoddard*, 9th Dist. Summit No. 26663, 2013-Ohio-4896, ¶ 14, citing *State v. Roper*, 9th Dist.

---

[1] Ms. Shaffer filed two notices of appeal from the May 8, 2012 judgment entry, along with a motion for delayed appeal. This Court granted Ms. Shaffer's motion for delayed appeal, and consolidated the appeals for purposes of the record, briefing, and decision. The consolidated appeal numbers are C.A. No. 12CA0071-M and 12CA0077-M.

Summit Nos. 26631, 26632, 2013-Ohio-2176, ¶ 5. "The first step is to determine whether the sentence is contrary to law. The second step is to determine whether the court exercised proper discretion in imposing a term of imprisonment." (Internal citation omitted.) *State v. Smith*, 9th Dist. Medina No. 11CA00115-M, 2012-Ohio-2558, ¶ 3, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26.

{¶7} Further, "[s]tatutory interpretation involves a question of law; therefore, we review this matter de novo." *State v. McConville*, 182 Ohio App.3d 99, 2009-Ohio-1713, ¶ 5 (9th Dist.), citing *State v. Myers,* 9th Dist. Medina Nos. 3260-M, 3261-M, 2002-Ohio-3195, ¶ 14. "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute." *Wetterman v. B.C.*, 9th Dist. Medina No. 12CA0021-M, 2013-Ohio-57, ¶ 8, quoting *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 9. "In order to determine legislative intent, it is a cardinal rule of statutory construction that a [C]ourt must first look to the language of the statute itself." *State v. Owen*, 11th Dist. Lake No. 2012-L-102, 2013-Ohio-2824, ¶ 17, citing *Provident Bank v. Wood,* 36 Ohio St.2d 101, 105 (1973). A court may interpret a statute only where the words of the statute are ambiguous. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.,* 32 Ohio St.3d 24, 27 (1987). Ambiguity exists if the language is susceptible of more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde,* 76 Ohio St.3d 508, 513 (1996).

{¶8} In determining whether Ms. Shaffer's sentence falls within the permissible statutory range, this Court must examine Ohio's felony sentencing statute, R.C. 2929.14(A), along with R.C. 2925.041(C)(1)'s mandatory sentencing requirement of five years' imprisonment for repeat felony drug offenders. We note that, on September 30, 2011, *both* R.C. 2929.14 and R.C. 2925.041 were amended by H.B. 86.

**{¶9}** R.C. 2929.14(A) provides prison terms for felony sentences, stating:

(3)(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

(b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

**{¶10}** Pursuant to R.C. 2929.14(A)(3)(a) and (b), Ms. Shaffer's maximum sentence for violating R.C. 2925.041 would be thirty-six months of imprisonment, instead of five-years.

**{¶11}** R.C. 2925.041, states, in relevant part, that:

(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.

* * *

(C) Whoever violates this section is guilty of illegal assembly or possession of chemicals for the manufacture of drugs. Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the third degree * * * [.]

(1) Except as otherwise provided in this division, there is a presumption for a prison term for the offense. * * * If the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense and if at least one of those previous convictions or guilty pleas was to a violation of division (A) of this section, a violation of division (B)(6) of section 2919.22 of the Revised Code, or a violation of division (A) of section 2925.04 of the Revised Code, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree that is not less than five years.

Pursuant to R.C. 2925.041(C)(1), the trial court was required to sentence Ms. Shaffer to a mandatory sentence of five years' imprisonment because of her prior convictions for drug related felonies.

{¶12} "It is a well-settled principle of statutory construction that when an irreconcilable conflict exists between two statutes that address the same subject matter, one general and the other special, the special provision prevails as an exception to the general statute." *State v. Conyers*, 87 Ohio St.3d 246, 248 (1999), citing R.C. 1.51. Further, R.C. 1.51 states "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

{¶13} For guidance with this matter, we turn to our sister Court's decision in *State v. Sturgill*, 12th Dist. Clermont Nos. CA2013-01-002, CA2013-01-003, 2013-Ohio-4648. In *Sturgill* at ¶ 2, 12, the appellant was sentenced to thirteen years' imprisonment, including consecutive sentences of sixty-months each for operating a vehicle while under the influence of alcohol with a prior felony OVI conviction, and a specification for five or more prior OVI offenses in 20 years. *See* R.C. 4511.19; R.C. 2941.1413. Mr. Sturgill challenged the two five-year prison terms for his OVI conviction and accompanying specification as excessive. *Sturgill* at ¶ 35. The Twelfth District Court of Appeals affirmed Mr. Sturgill's sentence, and, in doing so, disagreed with the Eleventh District's conclusion that Ohio's OVI statute (R.C. 4511.19) and general sentencing statute (R.C. 2929.14(A)(3)) are in "irreconcilable" conflict with one another. *Id*. at ¶ 40; *see also State v. Owen*, 11th Dist. Lake No. 2012-L-102, 2013-Ohio-2824, ¶ 2. In reaching a different conclusion from the Eleventh District, the Twelfth District reasoned that the two statutes are not in irreconcilable conflict because Mr. Sturgill was convicted of an R.C.

2941.1413 repeat offender specification, which specifically permits a five-year maximum sentence for a third degree felony OVI. *Sturgill* at ¶ 40.[2]

{¶14} Here, similar to the facts in *Sturgill*, Ms. Shaffer's sentence for a felony of the third degree was increased from thirty-six months to five-years because R.C. 2925.041(C)(1) *specifically* mandates imprisonment of "not less than five-years" if certain conditions precedent are met. Additionally, as indicated above, both R.C. 2929.14 and R.C. 2925.041 were amended by H.B. 86 on September 30, 2011. As a result, we conclude that if the General Assembly wished to amend R.C. 2925.041(C)(1), in order to remove the penalty enhancement language, it would have done so at that time. Instead, the General Assembly amended R.C. 2925.041(C)(1) to state that the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree that is not less than five years if "*two or more times* previously [the offender] has been convicted of or pleaded guilty to *a felony drug abuse offense and if at least one of those previous convictions or guilty pleas was to* a violation of division (A) of this section, a violation of division (B)(6) of section 2919.22 of the Revised Code, or a violation of division (A) of section 2925.04 of the Revised Code[.]"CA0077-M (Emphasis added.) (Italicized words indicate changes made to R.C. 2925.041(C)(1) in H.B. 86.)

{¶15} Therefore, based upon the foregoing, we conclude that the General Assembly intended R.C. 2925.041(C)(1) to be a specific exception to the general felony sentencing scheme

---

[2] We note that after *Sturgill* was decided in 2013, the Second District Court of Appeals also addressed this issue in *State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542. In *May* at ¶ 29, the Second District agreed with *Owens*, stating "under 4511.19(G)(1)(e)(i), the trial court has discretion to impose an additional prison term for a third-degree felony OVI offense, with a maximum aggregate sentence of five years. However, under R.C. 2929.13(A) and R.C. 2929.14(B)(4), the maximum aggregate sentence for a third-degree felony OVI offense is 36 months. * * * [T]hese provisions present an irreconcilable conflict and [] the recent changes and more lenient provisions in R.C. 2929.14 must prevail."

set forth in R.C. 2929.14, and Ms. Shaffer's sentence of five-years' mandatory imprisonment is not contrary to law.

{¶16} Accordingly, Ms. Shaffer's assignment of error is overruled.

III.

{¶17} In overruling Ms. Shaffer's sole assignment of error, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.