[Cite as *A.S. v. Summit Cty. Prosecutor*, 2022-Ohio-1040.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

A. S.

    Appellee

    v.

SUMMIT COUNTY PROSECUTOR

    Appellant

C.A. No.    30061

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2021-01-0266

DECISION AND JOURNAL ENTRY

Dated: March 30, 2022

SUTTON, Judge.

{¶1}   Defendant-Appellant Summit County Prosecutor ("the Prosecutor") appeals from the judgment of the Summit County Court of Common Pleas granting relief from a weapons disability to Plaintiff-Appellee A.S. For the reasons that follow, we reverse and remand for further proceedings consistent with this opinion.

I.

{¶2}   On January 25, 2021, A.S. filed a motion for relief from weapons disability pursuant to R.C. 2923.14 in the Summit County Court of Common Pleas. A.S.'s request for relief stemmed from an "acute psychotic episode" he experienced in January of 2014. The episode resulted in an adjudication in Summit County Probate Court case 2014-MI-11, and A.S. was involuntary committed for psychiatric treatment at Akron General Medical Center.[1] In his motion

---

[1] The record indicates that documents from the Summit County Probate Court case were supplied to, and considered by, the trial court. However, those documents were not included in the record on appeal.

for relief, A.S. maintained, as a result of the adjudication, he is prohibited from possessing a firearm under both Florida and Ohio law.

{¶3} A.S. alleged, in support of his motion, that since his 2014 adjudication, he has been engaged in mental health services and has had no other mood disorder incidents. A.S. relocated to Florida after the 2014 incident and continues to be a resident of the State of Florida. As part of his justification for the relief he was seeking, A.S. argued that such relief from the Summit County Court of Common Pleas was necessary because Florida law required a person seeking relief from a weapons disability to petition the court that made the original adjudication or commitment. In A.S.'s case, that would be the Summit County Probate Court.

{¶4} In response to A.S.'s motion, the Summit County Prosecutor filed a motion to dismiss for lack of subject matter jurisdiction. The Prosecutor argued that A.S. was prohibited from seeking relief under R.C. 2923.14(A)(1) because the statute states an individual could only apply for relief from a disability in the county where that individual resided, and it was undisputed that A.S. was not a resident of Summit County. Because he was not a resident of Summit County, the Prosecutor argued the trial court had no jurisdiction to grant the requested relief.

{¶5} The trial court subsequently denied the Prosecutor's motion to dismiss, stating:

> What the court finds to be disconcerting by the question before it is how applicants seeking relief from disability are to proceed where two contradictory statutes have placed them in a jurisdictional quandary. In this matter, on the one hand is the Ohio statute, binding on this court, which informs those seeking to have a weapons disability removed to file their application in the county of their residence which would be [A.S.]'s [] home county in Florida. On the other hand is the Florida statute, binding on [A.S.], which informs those seeking to remove a weapons disability to file their application in the county where the person was adjudicated or committed, which would be Summit County, Ohio.
>
> * * *
>
> Upon consideration of not only the letter of the law, but more importantly in this instance, the spirit of the law in order to not accomplish a foolish result, the court

believes that to deny any applicant such as [A.S.] the opportunity to have his application heard on a wooden application of Ohio law would be illogical and unjust and would render the provision of R.C. 2923.14(A) meaningless and inoperative for those in [A.S.]'s position. The law of his state of residence tells him he must return to the state and county where his disability was imposed to seek removal of the disability. That is what he has done. To deny such an applicant the opportunity to be heard would be akin to denying that applicant's due process right and potentially, if the application should ultimately be found to have merit, to [deny] the applicant's fundamental constitutional rights. To permit such a result would prove to be deleterious to our society.

{¶6} After denying the Prosecutor's motion to dismiss, the trial court scheduled a hearing on A.S.'s motion. The Prosecutor filed a recommendation against granting A.S.'s motion for relief with the trial court. In that recommendation, the Prosecutor maintained that the trial court lacked subject matter jurisdiction and also suggested an alternative remedy existed for A.S. through a motion made in the probate court pursuant to R.C. 5122.38. The Prosecutor argued that the probate court would be the more appropriate forum to assess A.S.'s request since the probate court handled the original adjudication.

{¶7} Subsequently, the trial court granted A.S.'s motion for relief from weapons disability. The Prosecutor appeals from that judgment, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY TAKING SUBJECT MATTER JURISDICTION OVER AN APPLICATION FOR RELIEF FROM FIREARMS DISABILITY OF AN INDIVIDUAL THAT WAS NOT A RESIDENT OF THE COUNTY IN WHICH THE APPLICATION WAS MADE CONTRARY TO THE PLAIN AND UNAMBIGUOUS LANGUAGE OF R.C. 2923.14(A).**

{¶8} In their sole assignment of error, the Prosecutor argues that the trial court erred in denying their motion to dismiss for lack of subject matter jurisdiction. The Prosecutor argued that

because the trial court lacked subject matter jurisdiction over A.S.'s motion, the trial court's order granting A.S.'s relief is void. For the following reasons, we agree.

**Relief from Disability**

{¶9} R.C. 2923.14(A)(1) sets forth the procedure for an applicant seeking relief from a disability, and states as follows:

> [A]ny person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas *in the county in which the person resides* for relief from such prohibition.

(Emphasis added.)

{¶10} "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *State v. Horton*, 91 Ohio App.3d 464, 468 (9th Dist.1993), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101 (1973). "A court may interpret a statute only where the words of the statute are ambiguous." *State v. Shaffer*, 9th Dist. Medina Nos. 12CA0071-M, 12CA0077-M, 2014-Ohio-2461, ¶ 7, citing *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.*, 32 Ohio St.3d 24, 27 (1987). "Ambiguity exists if the language is susceptible of more than one reasonable interpretation." *Id.*, citing *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996).

{¶11} In *State v. Cantwell*, 5th Dist. Richland No. 12CA59, 2013-Ohio-1685, a case factually similar to the case *sub judice*, the Fifth District Court of Appeals upheld a trial court's dismissal of an application for relief from disability for lack of subject matter jurisdiction where the applicant was not only not a resident of the county in which he sought relief from a weapons disability, but, like A.S., was not a resident of the State of Ohio. *Cantwell* at ¶ 11. We agree with the result of that case and find the language of R.C. 2923.14(A) to be unambiguous. The statute expressly and unambiguously requires an applicant to be a resident of the county in which he seeks

relief. In this case, it is undisputed that A.S. is not a resident of Summit County. Therefore, the trial court did not have jurisdiction to grant A.S. relief and erred in denying the Prosecutor's motion to dismiss.

{¶12} Accordingly, the Summit County Prosecutor's assignment of error is sustained.

III.

{¶13} For the reasons stated above, the Summit County Prosecutor's sole assignment of error is sustained and the judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed and remanded for further proceedings consistent with this decision.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARVIN D. EVANS, Assistant Prosecuting Attorney, for Appellant.

JOHN P. STILES, Attorney at Law, for Appellee.