[Cite as *Morley v. Medina Cty. Sheriff*, 2022-Ohio-3469.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| ALEXANDER D. MORLEY | C.A. No. 21CA0001-M |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHERIFF OF MEDINA COUNTY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 20 CIV 403 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

SUTTON, Judge.

{¶1} Plaintiff-Appellant, Alexander D. Morley, appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} On April 8, 2020, Mr. Morley filed an application for a license to carry a concealed handgun with the Medina County Sheriff's office. As part of his application, Mr. Morley answered affirmatively that he had been "convicted of or pleaded guilty to a felony." By correspondence dated May 18, 2020, Chief Kenneth Baca denied Mr. Morley's application citing his conviction for illegal use of a minor in nudity oriented material or performance, a felony of the fifth degree.[1] Chief Baca further indicated, pursuant to R.C. 2923.125(D)(1)(e), Mr. Morley's conviction is a

---

[1] Mr. Morley is also designated as a Tier I sexual offender.

"disqualifying offense." Chief Baca also advised Mr. Morley of his right, pursuant to R.C. 119.12, to administratively appeal this decision to Tom Miller, Medina County Sheriff.

{¶3} Mr. Morley appealed the denial of his application to Sheriff Miller arguing Chief Baca misinterpreted the law by "denying a license to any person who has pled or been found guilty of *any* felony." (Emphasis in original.) On June 4, 2020, Sheriff Miller upheld the original decision to deny Mr. Morley's application based upon Mr. Morley's felony conviction. Mr. Morley then appealed Sheriff Miller's decision to the trial court. In so doing, Mr. Morley argued this case presented only an issue of statutory interpretation and that the rule of "[e]*xpressio unius est exclusion alterius*" applied in this matter. In translation, this Latin phrase means the express mention of one thing excludes all others. Mr. Morley reasoned, since the General Assembly "named a finite set of specific offenses [in R.C. 2923.125(D)(1)(e)] that are disqualifying, the intent must have been to exclude all those not mentioned." The Medina County Sheriff's Office responded arguing the plain language of R.C. 2923.125(D)(1)(e) is unambiguous in that "[a] concealed handgun applicant who has been convicted of or plead guilty to a felony simply may not be issued a license."

{¶4} The trial court, in affirming the Sheriff's decision to deny Mr. Morley's application to carry a concealed handgun, stated, in relevant part:

> This court finds that the statutory words in question are not ambiguous. The words of R.C. 2923.125(D)(1)(e) clearly make an individual who has been convicted of a felony ineligible for a [l]icense to [c]arry a [c]oncealed [h]andgun. Therefore, it is unnecessary for the court to do any further interpretation of the statute.

{¶5} Mr. Morley now appeals raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY MISINTERPRETING SECTION 2923.125 OF THE REVISED CODE AND AFFIRMING THE SHERIFF'S DENIAL OF [MR. MORLEY'S] APPLICATION FOR A CONCEALED HANDGUN LICENSE.**

**{¶6}** In his sole assignment of error, Mr. Morley argues the trial court erred in misinterpreting R.C. 2923.125(D)(1)(e) and affirming Sheriff Miller's denial of his application for a license to carry a concealed handgun. For the following reasons, we disagree.

**{¶7}** "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *A.S. v. Summit Cnty. Prosecutor*, 9th Dist. Summit No. 30061, 2022-Ohio-1040, ¶ 10, quoting *State v. Horton*, 91 Ohio App.3d 464, 468 (9th Dist.1993), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101 (1973). "A court may interpret a statute only where the words of the statute are ambiguous." *Id.*, quoting *State v. Shaffer*, 9th Dist. Medina Nos. 12CA0071-M, 12CA0077-M, 2014-Ohio-2461, ¶ 7, citing *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.*, 32 Ohio St.3d 24, 27 (1987). "Ambiguity exists if the language is susceptible of more than one reasonable interpretation." *Shaffer* at ¶ 7, citing *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996).

**{¶8}** R.C. 2923.125(D)(1)(e) states:

Except as otherwise provided in division (D)(4) or (5) of this section, *the applicant has not been convicted of or pleaded guilty to a felony or an offense under Chapter 2925., 3719., or 4729. of the Revised Code that involves the illegal possession, use, sale, administration, or distribution of or trafficking in a drug of abuse*; has not been adjudicated a delinquent child for committing an act that if committed by an adult would be a felony or would be an offense under Chapter 2925., 3719., or 4729. of the Revised Code that involves the illegal possession, use, sale, administration, or distribution of or trafficking in a drug of abuse; has not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing a violation of section 2903.13 of the Revised Code when the victim of the violation is a peace officer, regardless of whether the applicant was sentenced under division (C)(4) of that section; and has not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any other offense that is not

previously described in this division that is a misdemeanor punishable by imprisonment for a term exceeding one year.

(Emphasis added.) As indicated in the trial court's judgment entry, the plain and unambiguous language of the statute clearly precludes granting a license to carry a concealed handgun to an applicant who has been convicted of or pleaded guilty to a felony. The statute further states an application must also be denied if an applicant has been convicted of or pleaded guilty to "an *offense* under Chapter 2925., 3719., or 4729. of the Revised Code that involves the illegal possession, use, sale, administration, or distribution of or trafficking in a drug of abuse." (Emphasis added.)

{¶9} Indeed, the word "offense" includes misdemeanors as well as felonies. Therefore, instead of limiting the type of disqualifying felony, as Mr. Morley wrongly asserts, the statute actually broadens disqualifying offenses to include misdemeanor offenses if the crime involves the illegal possession, use, sale, administration, or distribution of or trafficking in a drug of abuse. Thus, based upon the clear language in R.C. 2923.125(D)(1)(e), Mr. Morley's application to carry a concealed handgun was properly denied because he pleaded guilty to a felony.

{¶10} Accordingly, Mr. Morley's assignment of error is overruled.

III.

{¶11} For the reasons stated above, Mr. Morley's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL P. MORLEY, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.